STATE v. CENTER

(130 S. E., 646)

CRIMINAL LAW—COURT'S CHARGE, IN JOINT PROSECUTION FOR VIOLATION OF THE PROHIBITION LAW AND ASSAULT AND BATTERY WITH INTENT TO KILL, HELD TO INSUFFICIENTLY DECLARE LAW.—In prosecution of

three defendants, jointly indicted for storing, receiving, having in possession, and transporting intoxicating liquor, and of one of them under a separate indictment for assault and battery with intent to kill, charge of Court *held* to insufficiently "declare the law" as required by Constitution, Article 5, § 26, in view of material distinction between offenses charged.

Before ANSEL, J., County Court, Greenville, July, 1925. Reversed and remanded.

R. A. Center and others were jointly convicted of storing, receiving, having in possession and transporting intoxicating liquor, and named defendant was separately convicted of assault and battery of a high and aggravated nature, and he alone appeals.

The following is the trial Court's charge:

"Mr. Foreman and Gentlemen of the Jury: I will read this first indictment to you which charges R. A. Center, Luther Redding, and Will Redding of having violated the prohibition law. [Reads.] As you see there are five counts in that, but you need give your attention to the second, third, fourth, only, which charge them having in possession, receiving, and transporting. The rule of evidence on this side of the Court is that when the State presents one of her citizens for trial, she must prove her case beyond a reasonable doubt. It is my duty to declare the law, to you and yours to take the law as I give it, for, if I am wrong, I can be corrected by a higher Court, and apply it to the facts as you hear them from the witnesses on the stand. If you are satisfied beyond a reasonable, not a fanciful doubt, that these three parties are guilty as charged, you would say guilty on the back as to the parties, naming them—one or all or two, on the second, third of fourth counts or whichever count you believe them guilty. Every defendant comes into Court clothed in the garb of innocence. The witnesses are brought here for you to see, hear, and judge of their truthfulness. You are the judge of the facts. I cannot give you any idea of my opinion. You give your attention to the first case

where all three are indicted, and, if you are satisfied beyond a reasonable doubt that all are guilty or any one of them, you write 'Guilty' as to the one or ones you believe and on the count you believe the one or ones are guilty of.

"The second case, charging R. A. Center of assault and battery with intent to kill, reads as follows: [Reads.] It is not assault and battery with intent to kill, but, if he shot at her, then it would be assault and not battery, because it did not hit her. You are to gather from all the circumstances whether or not he shot at her and whether or not he intended to shoot at her. Murder is the felonious killing of a human being with malice aforethought, implied or expressed. If you are not satisfied of the greater crime, you go to the lesser crime embraced in the greater; that is, assault of a high and aggravated nature, which corresponds to manslaughter if a human being had been killed. Manslaughter is the killing of a human being without malice, in sudden heat and passion, superinduced by legal provocation. Not every killing in sudden heat and passion is manslaughter. There is no evidence of the lady being hit if she was shot at. You are to say whether this is an assault with intent to kill, assault of a high and aggravated nature, or a simple assault. The defendant denies he shot at her at all, so that makes a square issue, and it is the business of the State to make out her case beyond a reasonable doubt. The defendant can sit still and say, 'Prove your case.'

"That is about all the law in this case. You take them one at a time, and whatever you believe the truth to be in each case, you let it be known by the verdict you render. Take the case."

*Messrs. W. E. Westmoreland* and *John C. Henry,* for appellant, cite: *Charge by Court insufficient:* 129 S. C., 452; 126 S. C., 461; 123 S. C., 486; 109 S. C., 411; 107 S. C., 432; 105 S. C., 28; 89 S. C., 132; 63 S. C., 103. *"Storing" of liquor defined:* 126 S. C., 461; 109 S. C., 411; 107 S. C., 432; 105 S. C., 28; 89 S. C., 132; 63 S. C., 103. *"Trans-*

*porting" and "Having in possession" distinguished:* 129 S. C., 452; 123 S. C., 486. *Verdict must specify name of person convicted:* 27 R. C. L., 863. *New trial proper where verdict incomplete:* 12 S. W., 367; 54 N. W., 999; 27 R. C. L., 865. *Special verdict required:* Crim. Code 1922, Sec. 153.

*Messrs. Dakyns B. Stover, County Solicitor,* and *W. E. Bowen* for respondent.

December 8, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendant, Center, along with two others, Luther Redding and Will Redding, was indicted upon three counts: (1) Storing and keeping in possession; (2) receiving and having in possession; and (3) transporting intoxicating liquors. In a separate indictment he was charged with assault and battery with intent to kill.

· The two cases were tried together before his Honor, County Judge Ansel, and a jury. In the first case the jury returned a verdict of guilty as to all three defendants; and, in the second case, a verdict of guilty of assault and battery of a high and aggravated nature.

The defendants, Luther Redding and Will Redding, have not appealed; the defendant, Center, has appealed in both cases.

In view of the material distinction between the offenses charged in violation of the prohibition law and the several grades of assault and battery, we are constrained to hold, upon a consideration of the Judge's charge, which will be reported, that he failed to respond to the mandatory injunction of the Constitution, Art. 5, § 26: "Judges shall not charge juries in respect to matters of fact, but shall declare the law."

The judgment of this Court is that the judgment of the County Court be reversed, and that the case as to R. A. Center be remanded to that Court for a new trial.

MR. CHIEF JUSTICE GARY, MESSRS. JUSTICES WATTS and MARION, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.